Dale M. Cendali (admitted *pro hac vice*)
dale.cendali@kirkland.com
Joshua L. Simmons (admitted *pro hac vice*)
joshua.simmons@kirkland.com
Shanti Sadtler Conway (admitted *pro hac vice*)
shanti.conway@kirkland.com
Megan L. McKeown (admitted *pro hac vice*)
megan.mckeown@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Sharre Lotfollahi (S.B.N. 258913)
sharre.lotfollahi@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Defendant Epic Games, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| TERRENCE FERGUSON, | CASE NO. 2:18-cv-10110-CJC(RAOx) |
| Plaintiff, | The Honorable Cormac J. Carney |
| v. | **SUPPLEMENTAL DECLARATION OF DALE M. CENDALI, ESQ. IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, SPECIAL MOTION TO STRIKE (ANTI-SLAPP), AND REQUEST FOR JUDICIAL NOTICE** |
| EPIC GAMES, INC., and DOES 1 THROUGH 10, | |
| Defendants. | |
| | Complaint Filed: February 8, 2019 |
| | Hearing Date: March 11, 2019<br>Time: 1:30 p.m.<br>Courtroom: 7C, 350 W. 1st St. |

I, Dale M. Cendali, Esq., declare as follows:

1. I am a partner at the law firm of Kirkland & Ellis LLP, counsel of record for Epic Games, Inc. ("Epic Games"). I am licensed to practice law in the State of New York and am admitted *pro hac vice* to practice before this Court. I submit this supplemental declaration in support of Epic Games' motion to dismiss, special motion to strike (anti-SLAPP), and request for judicial notice, filed on February 11, 2019 (Dkt Nos. 50, 52) to bring to the Court's attention information material to its motion that Epic Games just learned late yesterday afternoon. In particular, Epic Games has learned that the Copyright Office has twice rejected Plaintiff's applications to register the "Milly Rock" dance at issue in this case.

2. Plaintiff's original Complaint was filed on December 5, 2018. Dkt. No. 1. The original Complaint alleged that Plaintiff was "in the process of registering the Milly Rock dance with the United States Copyright Office" and that on December 4, 2018, Plaintiff "submitted an application for copyright registration of the Milly Rock dance and assigned Copyright Office case number 1-7192939861." The Complaint, however, did not attach a copy of the copyright application, nor the deposit copy depicting the work that Plaintiff submitted to the Copyright Office as its specimen.

3. On December 19, 2018, pursuant to Copyright Office rules and regulations (37 C.F.R. § 201.2(d)(2)(ii)), Epic Games submitted a Litigation Statement Form LS requesting a copy of the copyright application, the deposit, and any correspondence with the Copyright Office regarding the pending application.

4. As Epic Games had not yet received any information from the Copyright Office, on January 17, 2019, my partner, Joshua Simmons, e-mailed counsel for Plaintiff requesting those items directly from Plaintiff. A true and correct copy of that e-mail is attached hereto as **Exhibit F**.

5. On January 18, 2019, the Copyright Office provided Epic Games with a

| SUPPLEMENTAL DECLARATION OF DALE M. CENDALI, ESQ. ISO DEFENDANT'S MOTION TO DISMISS, SPECIAL MOTION TO STRIKE (ANTI-SLAPP), AND REQUEST FOR JUDICIAL NOTICE | CASE NO. 2:18-CV-10110-CJC(RAOX) |
|---|---|

1

copy of Plaintiff's copyright application form—previously submitted to the Court as Exhibit A to the Declaration of Dale M. Cendali Esq., dated February 11, 2019 (Dkt. No. 53-01)—but at that time did not provide a copy of the correspondence regarding Plaintiff's application or the deposit copy.

6. On January 20, 2019, counsel for Plaintiff responded to my partner's January 17, 2019 e-mail by providing Plaintiff's deposit copy for the "Milly Rock Dance" but not the application nor any Copyright Office correspondence. A true and correct copy of that e-mail is attached hereto as **Exhibit G**.

7. On January 25, 2019, the parties met and conferred pursuant to Local Rule 7-3 regarding the grounds on which Epic Games would move to dismiss. Counsel for Epic Games informed Counsel for Plaintiff that one of the grounds upon which it intended to move to dismiss was that the alleged dance movement was not protectable by Copyright, specifically citing the Copyright Office Compendium to that effect. Counsel for Plaintiff did not mention the status of Plaintiff's copyright application nor any Copyright Office correspondence that Plaintiff had received.

8. On February 8, 2019, Plaintiff filed his Second Amended Complaint, again asserting infringement of the "Milly Rock Dance" (1-7192939861), which Plaintiff again alleged was "in the process of registering . . . with the United States Copyright Office." No mention was made of any correspondence with the Copyright Office.

9. In the late afternoon of February 13, 2019, Epic Games received from the Copyright Office a copy of the E-File Correspondence regarding the "Milly Rock Dance" (1-7192939861), pursuant to its December 19, 2018 request noted above. A

SUPPLEMENTAL DECLARATION OF DALE M. CENDALI, ESQ. ISO DEFENDANT'S MOTION TO DISMISS, SPECIAL MOTION TO STRIKE (ANTI-SLAPP), AND REQUEST FOR JUDICIAL NOTICE

CASE NO. 2:18-CV-10110-CJC(RAOx)

2

true and correct copy of the correspondence is attached hereto as **Exhibit H**.[1]

10. The correspondence we received from the Copyright Office yesterday afternoon discloses, among other things, that also on December 19, 2018, the Copyright Office rejected Plaintiff's application for the "Milly Rock Dance" (1-7192939861) asserted in the Complaint. The Copyright Office stated:

> [O]n October 10, 2018 under service request number 1-6882249391, the Office received a related choreographic claim by the same author and claimant named on the application for *Milly Rock* Dance for a work entitled *2 Milly Rock*. Expedited handling was requested for 2 Milly Rock on the basis of prospective litigation. The deposit submitted with the October 10th application consists of a short video of approximately two dozen children imitating a simple routine or social dance move being demonstrated by three people at the front of the room. Notably, the video appears to be a demonstration of a particular social dance move, popularly known as the Milly Rock. *See Compendium (Third)* § 309.2 (noting that the Office may take administrative notice of facts or matters known to the Office or the general public).
>
> The Office expeditiously refused registration for *2 Milly Rock* in a letter dated October 16, 2018. The refusal letter explained that the work did not constitute a choreographic work, but rather represented a simple dance routine. As the the legislative history of the 1976 Act states,

---

[1] To the extent judicial notice is required, Epic Games respectfully seeks to supplement its prior Request for Judicial Notice (Dkt. No. 52) to include this Copyright Office correspondence.

SUPPLEMENTAL DECLARATION OF DALE M. CENDALI, ESQ. ISO DEFENDANT'S MOTION TO DISMISS, SPECIAL MOTION TO STRIKE (ANTI-SLAPP), AND REQUEST FOR JUDICIAL NOTICE

CASE NO. 2:18-CV-10110-CJC(RAOX)

3

choreography does not include social dance steps or simple routines. H.R. REP. NO. 94-1476, at 53-54 (1976).

The current application for *Milly Rock Dance*, submitted on December 4, 2018 under service request number 1-7192939861, was sent with a different deposit: a video of an individual on top of the roof of a parked car performing simple dance movements in an improvisational manner, including the *2 Milly Rock* dance that had previously been refused by the Office on October 16, 2018. The Office also takes notice that, unlike the October 10th application, for which you requested "special handling" due to prospective litigation, you did not request special handling for the December 4th submission, which was filed the day before an infringement suit was initiated. While the video submitted for registration with the December 4th application is different and longer than the video submitted with the October 10th application, the Office finds that this longer routine of improvisational dance movements does not constitute a work of choreography. The movements represented in the video deposited for *Milly Rock Dance* depict a simple routine made up of social dance steps and do not represent an integrated, coherent and expressive compositional whole and is thus not eligible for copyright registration.

11.  As Epic Games did not have the correspondence with the Copyright Office, including its rejection of the "Milly Rock Dance" (1-7192939861), at the time that it filed its motion to dismiss on Monday, February 11, Epic Games is respectfully

---

SUPPLEMENTAL DECLARATION OF DALE M. CENDALI, ESQ. ISO DEFENDANT'S MOTION TO DISMISS, SPECIAL MOTION TO STRIKE (ANTI-SLAPP), AND REQUEST FOR JUDICIAL NOTICE

CASE NO. 2:18-CV-10110-CJC(RAOX)

4

| | |
|---|---|
| 1 | providing this information now for the Court's consideration. |
| 2 | |
| 3 | I declare under penalty of perjury that the foregoing is true and correct. |
| 4 | |
| 5 | Executed on February 14, 2019 |

*[Signature]*

Dale M. Cendali (admitted *pro hac vice*)
dale.cendali@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorney for Defendant Epic Games, Inc.*

---

SUPPLEMENTAL DECLARATION OF DALE M. CENDALI, ESQ. ISO DEFENDANT'S MOTION TO DISMISS, SPECIAL MOTION TO STRIKE (ANTI-SLAPP), AND REQUEST FOR JUDICIAL NOTICE

CASE NO. 2:18-CV-10110-CJC(RAOX)

5

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing **SUPPLEMENTAL DECLARATION OF DALE M. CENDALI, ESQ. IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE (ANTI-SLAPP) AND REQUEST FOR JUDICIAL NOTICE** and exhibits attached thereto with the Clerk of the Court using the CM/ECF system, which will automatically send a notice of electronic filing to all persons registered for ECF.

      /s/ *Dale M. Cendali*
      Dale M. Cendali